JOEL MCCABE SMITH (State Bar No. 50973)
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Tel: (310) 277-3333 • Fax: (310) 277-7444
E-Mail: jsmith@lpsla.com

Attorneys for Plaintiff Capitol Records, LLC

FILED
CLERK, U.S. DISTRICT COURT

FEB 1 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV11   01337  VBF   (SHx)

CAPITOL RECORDS, LLC, a Delaware
corporation,

          Plaintiff,

v.

WORLDS RECORDS, INC. aka
WORLD RECORDS MUSIC STORE, a
California corporation; and REYNOLD
BROWN aka REN BROWN, an
individual,

          Defendants.

CASE NO.:

**COMPLAINT FOR:**

(1) **COMMON LAW COPYRIGHT INFRINGEMENT**
(2) **MISAPPROPRIATION OF PRE-1972 SOUND RECORDINGS** [Cal Civ. Code § 980(a)(2) and Common Law];
(3) **UNFAIR COMPETITION** [Cal. Bus. & Prof. Code § 17200 and Common Law];
(4) **CONVERSION AND UNJUST ENRICHMENT** [Common Law];
(5) **FEDERAL TRADEMARK INFRINGEMENT** [15 U.S.C. § 1114];
(6) **FALSE DESIGNATION OF ORIGIN, DESCRIPTION AND REPRESENTATION UNDER THE LANHAM ACT** [15 U.S.C. § 1125(A); AND
(7) **TRADEMARK DILUTION UNDER THE LANHAM ACT** [15 U.S.C. § 1125(c)

-AND-

**DEMAND FOR JURY TRIAL**

Plaintiff Capitol Records, LLC ("Capitol"), as and for its complaint (the "Complaint") against Defendant Worlds Records aka Worlds Records Music Store

1

("Worlds Records") and Reynold Brown aka Ren Brown ("Brown"), alleges as follows:

## PARTIES

1.     Plaintiff Capitol is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal places of business in Los Angeles, California and in New York, New York.

2.     Upon information and belief, Defendant Worlds Records is an entity with a business address: P.O. Box 1922, Novato, California 94947.  Worlds Records owns and operates the Internet website located at the Internet URL address www.worldsrecords.com (the "worlds Records Website").

3.     Upon information and belief, Defendant Reynold Brown is a resident of California and is the sole owner and operator of Worlds Records.

## PRELIMINARY STATEMENT

4.     Plaintiff Capitol is a record company and the owner of copyrights and related exclusive rights under California law in sound recordings fixed prior to February 15, 1972.  Plaintiff owns some of the most well-known and successful sound recordings in the world.  Plaintiff brings this action to put an immediate stop to the massive deliberate and knowing infringement of its pre-1972 sound recordings by Defendants, owners and operators of the Internet website http://worldsrecords.com (the "Worlds Records Website").

5.     Defendants are engaged in music piracy of the most blatant and harmful kind.  Defendants, which include a website company and mail order catalog, own and operate a commercial, for-profit website that is engaged in the distribution of sound recordings. In furtherance of that business venture, Defendants, without any license or

2

authority, have placed for sale on the Worlds Records Website thousands of Plaintiff's sound recordings and certain artwork that accompanies those sound recordings. Defendants are making these thousands of recordings available to the public *for sale* on compact discs.

6.    In addition, Defendants are using Plaintiff's trademarks throughout the Words Records Website, including to promote Defendants' unlawful activities and to mislead the public as to Plaintiff's sponsorship and endorsement of Defendants' activities.

7.    The Worlds Records Website is a professional-quality website offering thousands of sound recordings for sale, representing virtually all of the most well-known Jazz, Big Band, Dixieland, Blues, R&B and Bop sound recordings from all major artists in those genres.  Several of Plaintiff's most significant and popular recordings are available for purchase – including classic recordings by Dean Martin, Frank Sinatra, and Peggy Lee.

8.    Defendants' conduct is causing, and unless immediately enjoined will continue to cause, enormous and irreparable harm to Plaintiffs.  Most obviously, Defendants are profiting from the very content upon which Plaintiff's entire business is built.  Defendants' conduct severely impairs, and has the potential to destroy Plaintiff's ability to sell, lawfully exploit, or otherwise control their sound recordings, which represent the product of years and millions of dollars of development and marketing.  Defendants' conduct must immediately be stopped.

## JURISDICTION AND VENUE

9.    This is an action for trademark infringement arising under 15 U.S.C. §1114, false designation of origin, description or representation under 15 U.S.C. §1125(a) and trademark dilution under 15 U.S.C. §1125(c).  This is also an action for

3

misappropriation of pre-1972 sound recordings, unfair competition, and unjust enrichment and conversion. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1121, 28 U.S.C. §§1331, 1332, 1338(a)-(b) and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

10.    This Court has personal jurisdiction over Defendant pursuant to California Code of Civil Procedure §§410.10 *et seq.*, because Defendants have transacted business within the State of California (and elsewhere), contracted to supply goods or services in the State of California (and elsewhere), and/or committed tortious acts without the State of California (and elsewhere) causing injury to person or property within the State of California (and elsewhere).

11.    Venue for this action is properly laid in the United States District Court for the Central District of California under the provisions of 28 U.S.C. §§1391(b), 1400(a).

## FACTS APPLICABLE TO ALL CLAIMS

12.    Capitol is one of the oldest and most respected companies in the music business. Founded in the 1940s, Capitol has a rich history of producing, recording, manufacturing, marketing, distributing and selling sound recordings containing performances of musical compositions for some of the most beloved recording artists of our times, including, among others, the historic musical figures whose recordings are at issue in this case.

13.    Capitol continues in that business today as one of the largest record companies in the world, distributing sound recordings throughout the United States and, through its foreign affiliates, across the globe in the form of records, compact discs, cassette tapes, and digital recordings, among others (collectively "albums").

14.    Capitol has invested and continues to invest substantial sums of money, time, effort, and creative talent to manufacture, advertise, promote, sell and license

4

sound recordings embodying the performances of artists with whom they have agreements. To sell sound recordings, Capitol employs hundreds of individuals whose are engaged in the process of making, advertising, promoting, selling, licensing and protecting its music.

15. Capitol has obtained the sole, exclusive, and complete rights to manufacture, distribute, and sell certain recorded musical performances of popular recording artists, which are subject to protection under federal or state statutory and common law, including but not limited to the sound recordings contained on the albums identified on Exhibit A hereto and incorporated by reference herein ("Plaintiff's Recordings").

16. Capitol is compensated for its creative efforts and monetary investments largely from revenue attributable to the sale of sound recordings to the public and the licensing of sound recordings to third parties.

17. Capitol often distributes and sells its sound recordings under one of its famous trademarks, including, among others, the trademarks CAPITOL, BLUE NOTE, IMPERIAL and ALADDIN (hereinafter, "Capitol's Marks"). These marks are used to promote Capitol's artists and music.

18. Capitol has invested, and continues to invest, substantial sums of money, time, effort, and creative talent to promote and develop goodwill in Capitol's Marks. It has developed a strong reputation in these trademarks and works tirelessly to protect and further those reputations.

19. Capitol is the registrant and exclusive owner of the CAPITOL Mark pursuant to the following registrations issues by the U.S. Patent and Trademark Office: Registration No. 1663998 (for pre-recorded phonograph records, magnetic tapes, audio cassette tapes, video cassette tapes, compact discs for entertainment and education), No. 1862994 (printed matter; namely magazines and books all in the field of music and entertainment, sheet music, album covers and jackets for others), and

5

No. 1981100 (sound recordings and video recordings, all featuring music and entertainment), among others. Capitol has continuously and exclusively used the trademark CAPITOL in commerce since the 1940s.

20.     Capitol is the registrant and exclusive owner of the BLUE NOTE Mark pursuant to Registration No. 1928363 (musical sound recordings and video recordings featuring music entertainment), among others. Capitol and/or its predecessors in interest have continuously and exclusively used the trademark BLUE NOTE in commerce since 1939.

21.     Capitol is the registrant and exclusive owner of the IMPERIAL Mark pursuant to Registration No. 2588213 (musical sound recordings), among others. Capitol and/or its predecessors in interest have continuously and exclusively used the trademark IMPERIAL in commerce since 1956.

22.     Capitol is the registrant and exclusive owner of the ALADDIN Mark pursuant to Registration No. 2018196 (audio cassettes, tapes, compact discs and phonograph records on which musical compositions have been recorded), among others. Capitol and/or its predecessors in interest have continuously and exclusively used the trademark ALADDIN in commerce since 1946.

23.     As a result of Capitol's extensive sales, marketing, and advertising of Capitol's Marks in interstate commerce, they have become famous identifiers of top quality sound recordings. Consumers recognize that music sold with Capitol's Marks are from one of the premiere record companies in the world, is of very high quality, and is fully licensed and legitimate. Thus, Capitol's Marks are well known and famous within the scope of 15 U.S.C. §1125(c).

24.     Defendants regularly advertise, offer for sale, promote, exploit, and otherwise distribute within the State of California (and elsewhere) sound recordings manufactured by companies that have no legal right to manufacture or distribute the recordings within the United States (collectively "Infringing CDs"). Those companies

6

LEOPOLD, PETRICH
& SMITH
A Professional Corporation
22403

COMPLAINT FOR: COMMON LAW COPYRIGHT INFRINGEMENT; UNFAIR COMPETITION; UNJUST ENRICHMENT; FEDERAL
TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN, DESCRIPTION AND REPRESENTATION UNDER THE
LANHAM ACT; AND TRADEMARK DILUTION UNDER THE LANHAM ACT AND DEMAND FOR JURY TRIAL

include, but are not limited to: Jasmine Records, AVID Limited, Proper Box Records, Primo Records, HEP Records, Definitive Records, and Classics Records.

25.     The Infringing CDs that Defendants have sold, advertised, offered for sale, promoted, exploited and/or otherwise distributed without authority within the State of California (and elsewhere), embody performances by a large number of legendary artists including, but not limited to: Nat King Cole, Frank Sinatra, Bud Powell, Stan Kenton, Dean Martin, Miles Davis, Les Paul, Lester Young, Woody Herman, Thelonious Monk and Yma Sumac.  It is well known that these artists were signed to major recording labels, including Capitol, and that the rights to many of these artists' sound recordings are owned by Capitol.

26.     Included among the many titles that Defendants have sold, advertised, offered for sale, promoted, exploited and/or otherwise distributed without authority within the State of California (and elsewhere), are the albums set forth on Exhibit A attached hereto.  These albums are not an exhaustive list of the infringing sound recordings that Defendants have improperly sold, advertised, offered for sale, promoted, exploited and/or otherwise distributed without authority; rather, they are a sample of the many Infringing CDs in which they have conducted business.  Among the sound recordings on these albums (for example, Benny Goodman's "The Famous 1938 Carnegie Hall Jazz Concert" CD) are many bedrocks of recorded music.

27.     None of the Plaintiff Recordings has ever been licensed to Defendants for distributing in the United States.  Nor are Defendants authorized to create derivative works based on Plaintiff's Recordings.

28.     On information and belief, Defendants intentionally and willfully promote, advertise, offer for sale, exploit, and distribute sound recordings owned and/or licensed to others, including Capitol.  By doing so, Defendants take advantage of all of the investment the sound recording owners and licensors have made in creating and promoting the works, and avoids the costs associated with licensing those

7

LEOPOLD, PETRICH
& SMITH
A Professional Corporation
22403

COMPLAINT FOR: COMMON LAW COPYRIGHT INFRINGEMENT; UNFAIR COMPETITION; UNJUST ENRICHMENT; FEDERAL
TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN, DESCRIPTION AND REPRESENTATION UNDER THE
LANHAM ACT; AND TRADEMARK DILUTION UNDER THE LANHAM ACT AND DEMAND FOR JURY TRIAL

works and paying royalties.  Moreover, Defendants have offered to sell—and have sold—Plaintiff's Recordings, using Capitol's Marks, to Plaintiff's customers and distributors.

29.     On information and belief, Defendants are continuing to sell, advertise, offer for sale, promote, exploit and/or otherwise distribute Plaintiff's Recordings, for commercial advantage and private financial gain.

30.     In order to promote and advertise the sale of the Infringing CDs, Defendants have used and adopted Capitol's Marks.  The trademarks are regularly used on the Worlds Records' website and in its catalog in order to promote the sale of the Infringing CDs.

31.     Defendants have not obtained any rights, licenses, or authorization of any sort which would permit them to use Capitol's Marks.

32.     On information and belief, by reason of Defendants' adoption and use of the Capitol's Marks, existing and potential customers of both Capitol and Worlds Records, as well as members of the public, believe there is a sponsorship, affiliation, licensing, and/or other business relationship between Capitol and Worlds Records, when in fact no such relationship exists.

33.     On information and belief, Defendants infringed, and are continuing to infringe, Capitol's Marks with knowledge of the likelihood of confusion and dilution of Capitol's Marks, and with knowledge that such confusion and dilution would cause harm to Capitol.

34.     On November 11, 2009, Plaintiff's representative sent a letter by Certified Mail, Return Receipt Requested, to Defendants informing them of the unauthorized distribution of sound recordings owned and/or controlled by Plaintiff and its affiliates.  The aforementioned letter demanded, among other things, that Defendants cease and desist their illegal distribution and contact Plaintiff's representative immediately.

8

LEOPOLD, PETRICH
& SMITH
A Professional Corporation
22403

COMPLAINT FOR: COMMON LAW COPYRIGHT INFRINGEMENT; UNFAIR COMPETITION; UNJUST ENRICHMENT; FEDERAL
TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN, DESCRIPTION AND REPRESENTATION UNDER THE
LANHAM ACT; AND TRADEMARK DILUTION UNDER THE LANHAM ACT AND DEMAND FOR JURY TRIAL

35.   On November 18, 2009, Defendants responded by stating that they had identified several [seventy-five] of Plaintiff's Recordings that they were, at that time, actively distributing.

36.   Despite numerous attempts over the subsequent months to get Defendants to cease their unauthorized activity, they have failed to do so.  Not only do Defendants continue to promote, advertise, offer for sale and otherwise exploit the very same albums by the very same artists described in Plaintiff's correspondence to Defendants, but Defendants continue to offer more and more of Plaintiff's recordings on both the Worlds Records Website and the mail order catalogue every month.

37.   Upon information and belief, Defendants have acted deliberately, intentionally and willfully in violating and/or otherwise misappropriating Plaintiff's rights in Plaintiff's Recordings.

38.   As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.  On information and belief, unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights.  Plaintiff is entitled to preliminary and permanent injunctive relief.

39.   Upon information and belief, Defendants' actions have resulted in damages well in excess of one million dollars ($1,000,000), to be proved at trial.

## COUNT I

## COMMON LAW COPYRIGHT INFRINGEMENT

40.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.   The conduct of Defendants was and continues to be copyright

9

LEOPOLD, PETRICH
& SMITH
A Professional Corporation
22403

COMPLAINT FOR: COMMON LAW COPYRIGHT INFRINGEMENT; UNFAIR COMPETITION; UNJUST ENRICHMENT; FEDERAL
TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN, DESCRIPTION AND REPRESENTATION UNDER THE
LANHAM ACT; AND TRADEMARK DILUTION UNDER THE LANHAM ACT AND DEMAND FOR JURY TRIAL

infringement under California common law with respect to many sound recordings owned by Plaintiff, including Plaintiff's Recordings, as set forth in Exhibit A attached hereto.

42.    Plaintiff has been injured and continues to suffer irreparable injury for which there is no adequate remedy at law as a result of Defendants' unlawful and inequitable conduct.

## COUNT II
## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980(a)(2) AND COMMON LAW MISAPPROPRIATION

43.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.    Plaintiff possesses exclusive ownership interests in and to Plaintiff's Recordings, including pursuant to California Civil Code § 908(a)(2) and under the common law.

45.    Through their conduct, Defendants have violated Plaintiff's exclusive ownership interests in and to Plaintiff's Recordings.

46.    As a direct and proximate result of Defendants' conduct in violation of Plaintiff's exclusive ownership interests in and to Plaintiff's Recordings, Defendants have received proceeds and Plaintiff has been damaged in an amount to be proved at trial.

47.    Defendants' conduct is causing, and unless enjoined and restrained by this Court, will to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiff has no adequate remedy at law. Plaintiff is entitled to temporary, preliminary and permanent injunctions prohibiting further violation of Plaintiff's property rights.

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT III

## **UNFAIR COMPETITION**

48.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.    The conduct of Defendants as alleged above was and continues to be unfair competition under California Business & Professions Code § 17200 and under the common law.

50.    Plaintiff has been injured and continues to suffer irreparable injury for which there is no adequate remedy at law as a result of Defendants' unlawful and inequitable conduct.

## COUNT III

## **CONVERSION AND UNJUST ENRICHMENT**

51.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52.    By the foregoing acts and conduct, Defendants have converted for their own use Plaintiff's property rights in Plaintiff's Recordings.

53.    Defendants have profited from its unlawful activities, including distributing, selling, promoting and/or otherwise exploiting many of Plaintiff's sound recordings including, but not limited to, Plaintiff's Recordings, thereby reaping financial rewards without having to pay the costs required to license or create the material that it used.

54.    By unlawfully taking Plaintiff's property and using it in the Infringing CDs without properly compensating Plaintiff, Defendants have obtained a windfall and has been enriched at Plaintiff's detriment and expense.  Such actions constitute unjust enrichment.

11

LEOPOLD, PETRICH
& SMITH
A Professional Corporation
22403

COMPLAINT FOR: COMMON LAW COPYRIGHT INFRINGEMENT; UNFAIR COMPETITION; UNJUST ENRICHMENT; FEDERAL
TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN, DESCRIPTION AND REPRESENTATION UNDER THE
LANHAM ACT; AND TRADEMARK DILUTION UNDER THE LANHAM ACT AND DEMAND FOR JURY TRIAL

55.     Plaintiff has been injured as a result of Defendants' unlawful and inequitable conduct, and equity and good conscience require restitution.

## COUNT IV
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. §1114)

56.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57.     Defendants' continued use of Capitol's Marks to market, promote and sell sound recordings is likely to cause confusion with Capitol's use of its trademarks in connection with related goods and services.  Therefore, Defendants' use of Capitol's Marks is likely to cause confusion, mistake and deception among consumers and the general public as to Capitol's affiliation with Defendants, thereby causing loss, damage, and injury to Capitol and the purchasing public.

58.     Defendants' use of Capitol's Marks for goods related to sound recordings constitutes infringement of Capitol's U.S. trademark registrations and related rights under U.S. trademark laws, including 15 U.S.C. §1051, et seq., and 15 U.S.C. §1114.

59.     On information and belief, Defendants knew or should have known that their adoption and continued use of Capitol's Marks would cause confusion, mistake or deception among consumers and the public.

60.     On information and belief, Defendants knew or should have known that their adoption and continued use of Capitol's Marks would cause confusion, mistake or deception among consumers and the public.

61.     On information and belief, Defendants knew of Capitol's reputation and, by adopting and continuing to use Capitol's Marks, it intended to appropriate the goodwill associated with Capitol's federally registered trademarks.

12

62.    Based on the foregoing actions taken by Defendants, this is an exceptional case within the meaning of 15 U.S.C. §1117(a).

63.    By reason of the aforementioned actions taken by Defendants, Capitol has suffered monetary damages in an amount to be proven at trial.

64.    By reason of the aforementioned actions taken by Defendants, Capitol is entitled to the full range of relief available under the provisions of the Lanham Act and the laws of the United States relating to trademarks and unfair competition, including 15 U.S.C. §§1116-1118.

## COUNT V

### FALSE DESIGNATION OF ORIGIN, DESCRIPTION AND REPRESENTATION UNDER THE LANHAM ACT
### (15 U.S.C. §1125(a))

65.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66.    Capitol's Marks are designations of origin, identifying Capitol as the exclusive source of goods and services sold under those marks, and distinguishes and represents Capitol's goods and services in the market place.

67.    The foregoing actions taken by Defendants constitutes false designations of origin, misrepresentations and unfair competition in violation of 15 U.S.C. §1125(a).

68.    On information and belief, Defendants' conduct has been knowing, willful, and deliberate, and was intended to cause mistake or to deceive, completely disregarding Capitol's rights in Capitol's Marks.

69.    As a result of Defendants' willful disregard of Capitol's rights, Capitol has suffered and will continue to suffer irreparable harm to its rights and substantial

13

1    loss of goodwill and reputation.

2        70.    Defendants' wrongful acts, as alleged above, have permitted them to

3    profit from the strength of Capitol's Marks, in an amount not presently known but to

4    be  determined at trial.

5        71.    Based on the foregoing actions taken by Defendants, this is an

6    exceptional case within the meaning of 15 U.S.C. §1117(a).

7        72.    By reason of the aforementioned actions taken by Defendants, Capitol

8    has suffered monetary damages in an amount to be proven at trial, and has been

9    willfully deprived of the value of its federally registered marks as a commercial asset

10   in an amount to be proven at trial.

11       73.    By reason of the aforementioned actions taken by Defendants, Capitol is

12   entitled to the full range of relief available under the provision of the Lanham Act and

13   the U.S. laws relating to trademarks and unfair competition, including 15 U.S.C.

14   §§1116-1118.

15

16                              **COUNT VI**

17           **TRADEMARK DILUTION UNDER THE LANHAM ACT**

18                        **(15 U.S.C. §1125(c)**

19

20       74.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1

21   through 73 of this Complaint as if fully set forth herein.

22       75.    Capitol's Marks are distinctive and famous trademarks within the

23   meaning of 15 U.S.C. §1125(c).

24       76.    Defendants' continued use of Capitol's Marks causes dilution of the

25   distinctive quality of Capitol's famous marks.

26       77.    On information and belief Defendants willfully intended to appropriate

27   the goodwill associated with Capitol and its famous trademarks, and to cause dilution

28

                                    14

1    to the marks.

2      78.    By reason of the aforementioned actions taken by Defendants, Capitol

3    has suffered monetary damages in an amount to be proven at trial, and has been

4    willfully deprived of the value of its federally registered marks as a commercial asset

5    in an amount to be proven at trial.

6      79.    By reason of the aforementioned actions taken by Defendants, Capitol is

7    entitled to the full range of relief available under the provision of the Lanham Act and

8    the laws of the United States relating to trademarks and unfair competition, including

9    15 U.S.C. §1116-1118.

10      WHEREFORE, Plaintiff seeks judgment as follows:

11      a. that Defendants be adjudged to have infringed Capitol's Marks in

12    violation of 15 U.S.C. §1114;

13      b. that Defendants be adjudged to have violated the provision of 15

14    U.S.C. §1125(c) in competing unfairly with Capitol, by using false designations of

15    origin, false descriptions and representations in commerce to the damage of Capitol;

16      c. that Defendants be adjudged to have violated the provisions of 15

17    U.S.C. §1125(c) in causing dilution of the distinctive quality of Capitol's Marks;

18      d. that Defendants' trademark infringements, trademark dilutions,

19    false designations of origin, and unfair competition to be determined to be deliberate

20    and willful;

21      e. that Defendants, their officers, directors, owners, partners, employees,

22    servants, and agents, and all those persons in active concert and participation with the

23    Defendants, be enjoined and restrained from violating Capitol's rights by way of :

24        i. distributing, selling, promoting, or otherwise exploiting the Plaintiff

25   Recordings or any other works owned or exclusively licensed by Capitol, including but not limited to Exhibit A;

26        ii. using Capitol's registered trademarks, or any other confusingly similar trademarks for or in connection with advertising, marketing, promoting,

27   selling or distributing goods or services which are likely to cause confusion, mistake or deception with Capitol's names, marks and designations;

28        iii. engaging in trademark infringement, false designation of origin,

15

1    trademark dilution, false advertising, unfair competition, and unfair trade
     practices or misappropriation against Capitol;
2         iv.  engaging in any conduct aimed at or likely to result in diverting
     business intended for Capitol or injuring Capitol's goodwill and business
3    reputation by way of intimidation, misrepresentation, false statements,
     advertisements, fraud and/or deception;

4

5         f.   that Plaintiff be awarded actual and compensatory damages for

6    Defendants' unlawful and inequitable activities in an amount according to proof;

7         g.   that Plaintiff be awarded a disgorgement of Defendants' gains,

8    profits, and advantages derived from Defendants' unlawful and inequitable activities;

9         h.   that Plaintiff be awarded punitive or enhanced damages for

10   Defendants' willful behavior, including but not limited to treble damages under 15

11   U.S.C. §1117(a);

12        i.   that Plaintiff be awarded its reasonable attorneys' fees;

13        j.   that Plaintiff be awarded the costs of this action; and

14        k.   that Plaintiff be granted such other relief as the Court deems just

15   and proper.

16   DATED: February 11, 2011

17                                    JOEL McCABE SMITH
18                                    LEOPOLD, PETRICH & SMITH
19                                    A Professional Corporation
20                                    Attorneys for Plaintiff
                                      Capitol Records, LLC
21

22

23

24

25

26

27

28

LEOPOLD, PETRICH
& SMITH
A Professional Corporation
22403

COMPLAINT FOR: COMMON LAW COPYRIGHT INFRINGEMENT; UNFAIR COMPETITION; UNJUST ENRICHMENT; FEDERAL
TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN, DESCRIPTION AND REPRESENTATION UNDER THE
LANHAM ACT; AND TRADEMARK DILUTION UNDER THE LANHAM ACT AND DEMAND FOR JURY TRIAL

1

### DEMAND FOR JURY TRIAL

2

Plaintiff herein, Capitol Records, LLC, a Delaware Corporation, hereby demands a

3

jury trial on all issues herein which it is entitled to have adjudicated by a jury.

4

5

Respectfully submitted,

6

DATED:  February 11, 2011

7

8

JOEL McCABE SMITH

9

LEOPOLD, PETRICH & SMITH

10

A Professional Corporation

Attorneys for Plaintiff

11

Capitol Records, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEOPOLD, PETRICH
& SMITH
A Professional Corporation
22403

COMPLAINT FOR: COMMON LAW COPYRIGHT INFRINGEMENT; UNFAIR COMPETITION; UNJUST ENRICHMENT; FEDERAL
TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN, DESCRIPTION AND REPRESENTATION UNDER THE
LANHAM ACT; AND TRADEMARK DILUTION UNDER THE LANHAM ACT AND DEMAND FOR JURY TRIAL